847 So.2d 1038 (2003)
Kenny JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-881.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Rehearing Denied June 26, 2003.
*1039 Kenny Jackson, Lowell, pro se.
No Appearance, for Appellee.
THOMPSON, C.J.
Kenny Jackson appeals the summary denial of his Rule 3.800(a) motion to correct sentence. We affirm.
Jackson was convicted of trafficking in cocaine and was sentenced to five years' imprisonment. The court imposed a three-year minimum mandatory term pursuant to section 893.135(1)(b)1.a., Florida Statutes (1999). Jackson claims that the court should not have imposed the three-year minimum mandatory term because Chapter 99-188, Laws of Florida, which amended section 893.135(1)(b)1.a. to add the minimum mandatory term, was enacted in violation of the single subject rule.[1] He further claims that a later enactment did not cure the constitutional defect.
In Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), the court held that chapter 99-188 violated the single subject rule. In response to Taylor, the legislature enacted Chapters 02-208, 02-209, 02-210, 01-211, and 02-212, Laws of Florida, which reenacted the provisions of chapter 99-188. The 2002 chapter laws provide that they are to be applied retroactively to the extent the federal and state constitutions permit. In Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), citing Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), we held that the 2002 chapter laws could be applied retroactively without violating constitutional principles. See also Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002). In Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), however, the court held that retroactive application of chapter 02-212 would violate the ex post facto clauses of the United States and Florida constitutions. Chapter 02-212 applies in the instant case.
Based on this court's precedent in Hersey, we affirm the order denying Jackson's motion, but we certify conflict with Green.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Article III, section 6, of the state constitution provides in part that "[e]very law shall embrace but one subject and matter properly connected therewith...."